IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JENNIFER DACRUZ, | ) | Civil Action No. |
| Plaintiff, | ) | _____ |
| v. | ) | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Jennifer DaCruz ("Plaintiff"), by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action for discrimination on the basis of disability pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq.; race-based discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"); and race-based discrimination pursuant to

Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1337; 42 U.S.C. § 2000e-5(f); and 42 U.S.C. § 12117.

3.

Venue in this district and division is proper under 28 U.S.C. § 1391 as the Defendant is located in the Northern District of Georgia, Atlanta Division, and the unlawful conduct complained of herein occurred in this district and division.

4.

All conditions precedent to jurisdiction under Title VII and the ADA have occurred or have been complied with; specifically, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff brought suit within ninety (90) days of receiving the Notice of Right to Sue, which was dated July 15, 2010.

## **PARTIES**

5.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

6.

Defendant Bank of America Corporation, N.A. ("Defendant") is a corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent.

8.

Defendant is now, and at all times relevant hereto has been, an employer engaged in an industry affecting commerce within the meaning of Title VII and the ADA and has employed more than the requisite number of persons for the requisite duration under Title VII and the ADA.

**FACTS**

9.

Plaintiff was hired by Defendant in June 2006 as a Senior Field Examiner.

10.

Plaintiff worked continuously for Bank of America Corporation until she was approved for a medical leave of absence effective October 16, 2007.

11.

In 2007, Plaintiff was recognized and received at least one award for her contributions to Defendant.

12.

In about December 2007, Plaintiff informed Defendant that her work schedule, which consistently involved travel more than fifty percent of the time, follow-up work at home, and working far more than forty hours per week, was adversely affecting a medical condition.  Defendant told Plaintiff that she could not interact with clients given her medical condition.

13.

In January 2008, Plaintiff notified Human Resources and her supervisor of her intention to return to work the next month and provided Defendant with a statement from her healthcare provider that Plaintiff would be able to return to work on February 26, 2008 with the "reasonable accommodations" of reduction of her schedule to 32 hours per week, with the ability to work from home as needed and no more than two days of travel, and Plaintiff asked to return to work with those accommodations on a temporary basis.

14.

At the time Plaintiff made her request to return to work, several individuals without actual or perceived disabilities worked for Defendant who performed the same job functions as Plaintiff and had a work schedule of 32 hours or less per week, including working from home and minimal travel.

15.

Defendant refused Plaintiff's request to return to work with a work schedule that incorporated the accommodation recommended by her healthcare provider and informed Plaintiff that instead she would be placed on continued medical leave of absence since her accommodation had been denied.

16.

While Plaintiff was out on medical leave, she was denied access to corporate resources and benefits through the company intranet.

17.

While Plaintiff was out on medical leave, she was denied her yearly bonus for 2007. According to Defendant, her eligibility for the bonus would not be discussed until she was "able to fully return to the Field Exam team" and would "reward those folks that have contributed to the department goals throughout the entire year."

18.

Plaintiff complained to Human Resources in May 2008 that she was being treated differently because of her disability, including being denied the requested accommodation, being told she was ineligible for her bonus, being told to remove her personal belongings from the work area, and not being allowed to use earned sick leave.

19.

Plaintiff filed a charge of discrimination and retaliation with the EEOC in August 2008.

20.

After Defendant received notice of Plaintiff's EEOC charge, it reversed a prior decision to compensate Plaintiff for her earned sick leave.

21.

At the time Plaintiff went out on medical leave, she was one of a handful of African-American employees in the Southeastern region.

22.

A Caucasian coworker of Plaintiff without an actual or perceived disability, who had not been actively working for all of 2007 because she was out on medical leave to take care of her mother, and who reported to the same supervisor as

Plaintiff, received her yearly bonus for 2007. On information and belief, Plaintiff had received more award recognition and accolades for her work in 2007 than that coworker had.

23.

On information and belief, Plaintiff and other minorities received lower salaries and bonuses than one or more similarly-situated Caucasians.

## **CLAIMS FOR RELIEF**

## **COUNT I:**
## **DISCRIMINATION ON ACCOUNT OF AN ACTUAL OR PERCEIVED DISABILITY AND/OR FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

24.

Plaintiff's medical condition substantially limited one or more of her major life activities without reasonable accommodation.

25.

Defendant perceived that Plaintiff's medical condition limited one or more of her major life activities and regarded her as having a disability but refused to provide her with reasonable accommodation even though to do so would not impose an undue hardship.

26.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

27.

Defendant's actions, including its refusal to provide Plaintiff with reasonable accommodation, insistence that she remain on medical leave, and refusal to pay her annual bonus, violate the ADA.

28.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of income, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other past and future pecuniary and nonpecuniary losses.

29.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 1981a.

## COUNT II:
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

30.

Defendant subjected Plaintiff to disparate treatment based on race by subjecting her to different terms and conditions of employment based on her race

including not permitting her to return to work and denying her an annual bonus while providing one to a similarly-situated Caucasian and paying her less than other similarly-situated Caucasians as part of a pattern and practice of paying minorities less than similarly-situated non-minorities.

31.

Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

32.

As a direct and proximate result of Defendant's intentional and unlawful conduct, which was intended to cause Plaintiff harm, and/or was committed with reckless disregard of the harm caused to Plaintiff, and in derogation of her federally protected rights, Plaintiff has suffered loss of income, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other past and future pecuniary and nonpecuniary losses.

33.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT III:
## RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment, including not permitting her to return to work and denying her an annual bonus while providing one to a similarly-situated Caucasian and paying her less than other similarly-situated Caucasians as part of a pattern and practice of paying minorities less than similarly-situated non-minorities, constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

35.

Defendant's actions were willful, deliberate and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff in derogation of her federally protected rights.

36.

As a direct and proximate result of Defendant's intentional and unlawful conduct, which was intended to cause Plaintiff harm, and/or was committed with reckless disregard of the harm caused to Plaintiff, and in derogation of her federally protected rights, Plaintiff has suffered loss of income, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other past and future pecuniary and nonpecuniary losses.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(b) Enter judgment awarding Plaintiff back wages and benefits, annual bonuses, compensatory damages, punitive damages, and the costs of litigation including reasonable attorneys' fees, reinstatement and/or front pay, and all other remedies allowed under Title VII, as amended, the ADA, and Section 1981;

(c) Grant declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 12th day of October, 2010.

**BARRETT & FARAHANY, LLP**

/s/Eleanor Mixon Attwood
Eleanor Mixon Attwood
Georgia Bar No. 514014
Jule S. Northup
Georgia Bar No. 546698
Benjamin F. Barrett
Georgia Bar No. 039586
Counsel for Plaintiff

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
404-214-0120
Facsimile 404-214-0125
eleanor@bf-llp.com
julie@bf-llp.com
ben@bf-llp.com